1  Alan R. Golden, Esq.   State Bar No. 034994
   **LAW OFFICES OF ALAN R. GOLDEN**
2  6303 Owensmouth Avenue, 10th Floor
   Woodland Hills, California 91367
3  Telephone: (818) 784-1224                        E-FILED 03-31-09
   Our File No. 683.1(371)
4
   Attorney for plaintiff Kapa Investment
5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAPA INVESTMENT, a California corporation,** | ) CASE NO. CV 08-8446 PSG (JCx) ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** ) **FOR DAMAGES; AND DEMAND** ) **FOR JURY TRIAL** |
| vs. | ) |
| **CIRRUS DESIGN CORPORATION; TELEDYNE CONTINENTAL MOTORS; GARMIN INTERNATIONAL; L-3 COMMUNICATIONS AVIONICS; STEC, INC.; AVIDYNE CORPORATION; and DOES 1 through 20, inclusive,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Kapa Investment alleges as follows:

## CAUSE OF ACTION

### (BREACH OF EXPRESS WARRANTY/STATUTORY DUTY: 15 USC §2301, ET. SEQ.)

### (AGAINST ALL DEFENDANTS)

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with principal place of business in Los Angeles County, California.  Furthermore, the

- 1 -

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

breaches of statutory duty and breaches of warranties described herein all occurred within Los Angeles County, California.

2. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants Cirrus Design Corporation ("Cirrus"), Teledyne Continental Motors ("Teledyne"), Garmin International ("Garmin"), L-3 Communications Avionics ("L-3"), STEC, Inc. ("STEC"), and Avidyne Corporation ("Avidyne") were corporations, limited liability companies, or other entities, duly organized and existing by virtue of the laws of one or more of the States of the United States. Said defendants routinely conducted, and now conduct business within the State of California, County of Los Angeles.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, Does l through 20, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages thereby to plaintiff as herein alleged.

4. Defendants Cirrus and Does 1 through 5, inclusive, and each of them, are designers, sellers, distributors and manufacturers of airplanes, and as such designed, distributed and manufactured the airplane described herein.

5. Defendants Teledyne, Garmin, L-3, STEC, Avidyne and Does 6 through 15, inclusive, are or were at all times mentioned herein, manufacturers of portions or parts of airplanes, and designed, distributed and manufactured the parts of the airplane described herein.

6. On or about November 15, 2006, plaintiff purchased a used airplane, namely a 2005 Cirrus DesignSR22-GTS, with manufacturer's serial number 1456 ("the airplane"), from Agresti Aviation LLC by a written purchase agreement ("the agreement"), a reduced-size copy of which is attached hereto as Exhibit "1" and incorporated by reference. The airplane when purchased was still subject to the terms of the original Cirrus, Teledyne, Garmin, L-3, STEC and Avidyne hereinafter-described written warranties. The airplane is of the type that ordinarily is used, and plaintiff purchased the airplane for use, and used the airplane, primarily for personal, family or

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

1  household purposes.

2      7.    The airplane when purchased by plaintiff had been used for less than 1,000 hours
3  and for less than two years since its original delivery as a new airplane.

4      8.    Upon plaintiff's purchase of the airplane as described above, the following express
5  written warranties were still in effect for the airplane: "Limited Express Warranty (Extended)"
6  from defendant Cirrus, a copy of which is attached hereto as Exhibit "2" and incorporated by
7  reference; "Platinum Engine Warranty" and "New Engine Warranty" from defendant Teledyne,
8  copies of which are attached as Exhibit "3" and Exhibit "4," respectively, and incorporated by
9  reference; "Aircraft OM-Installed Avionics 3-Year Limited Warranty Policy" from defendant
10 Garmin, a copy of which is attached hereto as Exhibit "5" and incorporated by reference; "Limited
11 Warranty Certificate" from defendant L-3, a copy of which is attached hereto as Exhibit "6" and
12 incorporated by reference; and "Three Year Warranty" from defendant STEC (which was issued
13 originally in the name of "Meggitt / S-TEC" but which, according to plaintiff's information and
14 belief, and plaintiff thereon alleges, has been assumed by STEC), a copy of which is attached
15 hereto as Exhibit "7" and incorporated by reference; and a written warranty from Avidyne, a copy
16 of which is not available as this amended complaint is being prepared, but which covers certain of
17 the avionics and flight control systems on the airplane that have malfunctioned, and which
18 warranty was in effect for all times material to this action, according to proof..

19     9.    The airplane is a "consumer product" within the meaning of 15 United States Code
20 §2301, et seq., the Magnuson-Moss Warranty Act, and the warranties described in paragraph 8,
21 above, are written warranties within the meaning of said Act. Plaintiff is a "consumer" to whom
22 such warranties run and to whom the protections afforded by the Act run.

23     10.    Since plaintiff purchased the airplane, and during the warranty period for each of
24 the above-described warranties, plaintiff experienced severe, continuing and recurring defects and
25 nonconformities in the airplane, in that the airplane continually and unpredictably has suffered
26 from excess oil consumption, engine "blow by," failure of the GPS display, failure of the auto pilot
27 system, failure of the traffic alert system, defects in the anchoring of the pilot's seat, failures of the
28 interior door panels, unpredictable power supply percentages, engine overheating, and other

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

defects and malfunctions, referred to hereafter collectively as "the nonconformity." Plaintiff is informed and believes, and thereon alleges, that the nonconformity is a direct and proximate result of ineffective design and/or manufacture of the airplane and of the parts or portions thereof covered by the defendants' warranties, and each of them.

11. Since plaintiff took possession of the airplane, during the warranty periods and as a result of the nonconformity, plaintiff was required to present the airplane to defendants' authorized repair facilities for repair of the nonconformity, and for each of the defects and malfunctions described in paragraph 10, above, on more than four occasions. During said repair attempts, defendants and their authorized repair facilities, and each of them, ineffectively and unsuccessfully purported to correct the nonconformity, and the nonconformity continued during the entire period and to the present time.

12. By service of this complaint and supporting documents, plaintiff notifies defendants, and each of them, that plaintiff has revoked acceptance of the airplane. Plaintiff wishes to return the airplane to defendants and to receive a refund of the purchase price and for plaintiff's related damages and attorney's fees. Defendants, and each of them, have never offered to repurchase the airplane or to satisfy plaintiff's damages. Accordingly, the airplane remains in plaintiff's possession.

13. The express warranties described above were part of the basis of the bargain whereby plaintiff agreed to purchase the airplane.

14. Said express warranties purport to exclude liability for incidental and consequential damages, and purport to limit liability only to repairs and needed adjustments during the duration of the written warranty. This limitation operates to deprive plaintiff of the benefit of the bargain, and is unconscionable and void, because (a) it is in violation of the law, (b) same was not bargained for by plaintiff before the airplane was purchased, (c) defendants, and each of them, have repudiated their warranties and may not rely on any limitations contained therein, and (d) the purported limitations have failed of their substantial purpose and may not be enforced.

15. The above described actions constitute breaches by defendants, and each of them, of statutory duty and of express warranties within the meaning of the said Magnuson-Moss

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

1  Warranty Act.

2      16.    As a direct and proximate result of defendants' breaches of express warranty and
3  of statutory duty, as aforesaid, plaintiff has been damaged as follows:

4          (a)    For the purchase price of the airplane in the amount of $357,400.00;

5          (b)    For interest paid and payable to finance the airplane, according to proof, but
6  not less than $241,000.00;

7          (c)    Plaintiff has sustained, and continues to sustain, additional damages, the
8  amount of which has not yet been fully ascertained, for loss of time and loss of earnings and
9  earning capacity, for the reasonable cost of garaging and storing the airplane since plaintiff's
10 inability to use it due to the nonconformity, as aforesaid, for comprehensive insurance on the
11 airplane, for substitute expense for the rental of a replacement airplane in the future, according to
12 proof, for plaintiff's loss of needs, and for additional unascertained general and special damages.
13 Plaintiff will amend the complaint to state the nature and amount thereof when ascertained, which
14 damages are not less than $50,000.00.

15     17.    Plaintiff, in addition to the above-mentioned damages, also is entitled to plaintiff's
16 reasonable attorneys' fees incurred in connection with the commencement and prosecution of this
17 action, pursuant to 15 USC §2310(d)(2) of said Act according to proof, but not less than
18 $10,000.00.

19     18.    Nowhere in defendants' said written warranties is there a requirement that a
20 purchaser such as plaintiff must resort to an informal dispute settlement procedure prior to filing
21 legal action under the Act.

22     19.    Plaintiff has fully performed all things on plaintiff's part to be performed, except
23 where performance has been excused by reason of defendants' breaches as aforesaid..

25     **WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as
26 follows:

28     1.    For the purchase price of the airplane in the amount of $357,400.00;

- 5 -

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

     2.     For interest paid and payable to finance the airplane, according to proof, but not less than $241,000.00;

     3.     For additional damages due to loss of earnings and earning capacity, for loss of time and loss of earnings and earning capacity, for the reasonable cost of garaging and storing the airplane since plaintiff's inability to use it due to the nonconformity, as aforesaid, for comprehensive insurance on the airplane, for substitute expense for the rental of a replacement airplane in the future, according to proof, for plaintiff's loss of needs, and for additional unascertained general and special damages. Plaintiff will amend the complaint to state the nature and amount thereof when ascertained, which damages are not less than $50,000.00.

     4.     For plaintiff's attorneys' fees incurred herein, according to proof, but not less than $10,000.00;

     5.     For costs of suit incurred herein; and

     6.     For such other and further relief as the court deems just and proper.

**DATED:** March 24, 2009.

**LAW OFFICES OF ALAN R. GOLDEN**


By_____
   **Alan R. Golden**
   Attorney for plaintiff Kapa Investment

- 6 -

**FIRST AMENDED COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**