**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-08446 PSG (JCx) | Date | July 1, 2009 |
| Title | Kapa Investment v. Cirrus Design Corporation, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order Denying S-TEC's Motion for Leave to Amend**

Pending before this Court is S-TEC's motion for leave to amend. After considering the moving and opposing papers, as well as argument at the June 1, 2009 hearing, the Court hereby DENIES the motion.

I. Background

On November 25, 2008, Kapa Investment ("Kapa") filed suit against Cirrus Design Corporation ("Cirrus"), Teledyne Continental Motors, Garmin International, L-3 Communications Avionics, S-TEC Inc. ("S-TEC"), and Avidyne Corporation. Kapa asserts a cause of action for breach of express warranty/statutory duty pursuant to 15 U.S.C. §§ 2301, *et seq*. On March 2, 2009, S-TEC filed a crossclaim against Cirrus, seeking indemnity against Cirrus on three bases: (1) comparative indemnity and apportionment of fault, (2) equitable indemnity, and (3) express contractual indemnity.

According to the Scheduling Order, the last day for any party to file an amended pleading was April 1, 2009. S-TEC first filed a motion for leave to amend its crossclaim on April 1, 2009, but then withdrew the motion and refiled it on April 6, 2009. The proposed amended crossclaim includes additional claims of negligent misrepresentation, breach of contract, and trademark infringement.

II. Legal Standard

Federal Rule of Civil Procedure 16(b) requires a district judge to issue a scheduling order

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#48

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08446 PSG (JCx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corporation, et al. | | |

that limits, *inter alia*, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). A party seeking leave to file an amended pleading after the deadline set in the scheduling order must show "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In fact, the Ninth Circuit has held that a court may deny as untimely a motion for leave to amend filed after the cut-off date where no request to modify the scheduling order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (superseded by statute on other grounds). Unlike Rule 15(a)'s liberal amendment policy, which places the burden on the opposing party to show bad faith or prejudice, Rule 16(b)'s good cause standard focuses on the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. The Ninth Circuit has held that if the party was not diligent, the inquiry should end. *Id.* The court will reach a Rule 15(a) analysis only if the plaintiff demonstrates that despite his diligence, he could not seek amendment until after the deadline had passed. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606-07 (E.D. Cal. 1999).

III. Discussion

The Court denies S-TEC's motion for leave to amend its crossclaim because it has not shown good cause to amend after the deadline set by the Scheduling Order. S-TEC had access to all the relevant facts giving rise to the new causes of action it seeks to add long before the April 1, 2009 deadline. S-TEC refers to a letter from Cirrus, dated January 12, 2009, in which Cirrus offered complete indemnity in the underlying action brought by Kapa. However, Cirrus later retracted this offer and stated that if S-TEC was seeking indemnity from Cirrus, it would have to go through Cirrus's national counsel. On February 27, 2009, S-TEC contacted Cirrus to restart negotiations for indemnification, but Cirrus delayed in giving a response until March 30, 2009. S-TEC argues that it delayed filing the instant motion because it was waiting for Cirrus to provide a response.

The Court does not find that S-TEC's proffered explanation amounts to good cause. S-TEC was aware that Cirrus had retracted its indemnification offer, and the fact that Cirrus kept delaying should have indicated to S-TEC that Cirrus' new offer was likely to fall short of full indemnification. When Cirrus did not respond after S-TEC had contacted it twice, S-TEC should have filed its amended crossclaim. Its failure to do so demonstrates a lack of diligence.

Furthermore, S-TEC had ample notice of the deadline specified in the Scheduling Order, and no unforeseen event arose after the deadline had passed. *See Corkrey v. Internal Revenue Service*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) (events occurring after entry of a scheduling order which were reasonably unforeseeable may establish good cause) (citing *Deghand v. Wal-Mart*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-08446 PSG (JCx) | Date | July 1, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corporation, et al. | | |

*Stores, Inc.*, 904 F.Supp. 1218, 1220-21 (D. Kan. 1995)). The new offer that S-TEC received from Cirrus the day before the scheduling deadline does not amount to an "unforseen event ar[ising] after the deadline had passed," particularly when S-TEC should have anticipated the offer to fall short of full indemnification.

The Ninth Circuit has held that if the party seeking amendment after the scheduling deadline has passed was not diligent, then the inquiry should end. *Johnson*, 975 F.2d at 609. This standard provides an adequate basis to deny S-TEC's motion. Therefore, the Court need not consider whether Cirrus will be prejudiced by the amendment.

IV.  Conclusion

For the foregoing reasons, S-TEC's motion for leave to amend its crossclaim is DENIED.

**IT IS SO ORDERED.**