O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8446 PSG (JCx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corp., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**     **(In Chambers) Order Granting Motion for Summary Judgment**

Before the Court is Defendant Garmin International, Inc.'s motion for summary judgment. After considering the moving and opposing papers, as well as oral argument at today's hearing, the Court hereby GRANTS the motion.

I.     Background

On November 15, 2006, Kapa Investment ("Plaintiff") purchased a used 2005 Cirrus Design SR22-GTS (S/N 1456) (the "aircraft") from Agresti Aviation LLC ("Agresti"). *SUF* ¶ 7. Agresti was the original owner of the aircraft, having purchased it new in 2005. *SUF* ¶ 8. According to the complaint, at the time of Plaintiff's purchase, the aircraft was still subject to the terms of the original warranties from Cirrus Design Corporation, Teledyne Continental Motors ("TCM"), Garmin International, Inc. ("Garmin"), L-3 Communications Avionics, S-TEC, Inc., and Avidyne Corporation (collectively, "Defendants"). *First Amended Complaint ("FAC")* ¶ 6; *SUF* ¶ 13. Plaintiff claims that there were two Garmin GPS units on the aircraft when Plaintiff purchased it from Agresti. *SUF* ¶ 12. The Garmin units were purchased and installed by Agresti. *SUF* ¶¶ 15-16.

Since Plaintiff purchased the aircraft, it has allegedly experienced numerous severe, continuing, and recurring defects and nonconformities, including failure of the GPS display. *FAC* ¶ 8. According to Plaintiff, it presented the aircraft to Defendants' facilities for repair on more than four occasions during the warranty period, but Defendants failed to correct the problems. *FAC* ¶¶ 10-11. On November 25, 2008, Plaintiff filed suit for breach of express warranty/statutory duty under the Magnuson-Moss Warranty Act ("Magnuson-Moss Act" or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8446 PSG (JCx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corp., et al. | | |

"the Act"), 15 U.S.C. §§ 2301, *et seq*., in Los Angeles Superior Court. Defendants removed the action to this Court on December 22, 2008. Pursuant to stipulation, Plaintiff filed the operative first amended complaint on March 31, 2009. Garmin now moves for summary judgment.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id*. at 257.

A nonmoving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

III.    Discussion

Garmin argues that it is entitled to summary judgment because (1) Plaintiff is not a "consumer" under the Magnuson-Moss Act; (2) the Cirrus SR22 aircraft is not a "consumer product" as defined by the Act; (3) Plaintiff's claim is contractually time-barred; (4) there is no privity of contract between Plaintiff and Garmin; and (5) the Garmin warranty was not part of the "benefit of the bargain."

First, Garmin contends that Plaintiff is not a "consumer" within the meaning of the Magnuson-Moss Act. In order to bring a claim under the Act, a plaintiff must be a "'consumer' within the ambit of the statute." *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 522 (7th Cir. 2003). A "consumer" is defined as: (1) a buyer (other than for purposes of resale) of any consumer product; (2) any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and (3) any such person who is entitled by the terms of such warranty (or service contract) under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8446 PSG (JCx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corp., et al. | | |

service contract). 15 U.S.C. § 2301. In the instant case, Garmin argues that Plaintiff is not a "consumer" because it is a corporation, owns multiple airplanes, and is registered with the Federal Aviation Administration as an authorized dealer of airplanes. Additionally, according to Garmin, Plaintiff tried to resell the Cirrus SR22 before filing this action.

The fact that Plaintiff is a corporation does not necessarily mean that it is not a "consumer" under the Act. *Bus. Modeling Techniques, Inc. v. Gen. Motors Corp.*, 474 N.Y.S.2d 258, 259 (N.Y. Sup. Ct. 1984). Plaintiff has submitted the declaration of its president and sole shareholder, Kambiz Pahlavan, who denies that Kapa tried to sell the aircraft before it discovered the host of problems alleged in the complaint. *Pahlavan Decl.* ¶ 7. Until then, Pahlavan states, he intended to use the aircraft as his personal plane and had no plans to resell it. *Id*. Accordingly, there is a triable issue of material fact as to whether Plaintiff is a "consumer" under the Magnuson-Moss Act.

Next, Garmin argues that the Cirrus SR22 is not a "consumer product" covered by the Act. The Court previously considered a substantively identical argument on a motion for summary judgment brought by TCM and found that Plaintiff had submitted sufficient evidence to survive summary judgment. Here, the parties rely on the same evidence that was previously before the Court. The Court sees no need to readdress this argument; summary judgment is not warranted on this ground.

Garmin's next contention is that Plaintiff's Magnuson-Moss claim is contractually time-barred. It is undisputed that Garmin warranted that its GPS units would be free from defects in materials or workmanship for three years. *SUF* ¶ 18. Plaintiff purchased the aircraft used from Agresti on November 15, 2006. The parties further agree that the warranty period began to run no later than May 24, 2005. *SUF* ¶ 17. Accordingly, the warranty expired on or before May 24, 2008. *SUF* ¶ 19. Garmin maintains that Plaintiff's claim is barred because Plaintiff did not file this lawsuit until November 25, 2008.

Generally, a claim for breach of express warranty will fail as a matter of law if the defect manifested itself after the warranty expired. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830, 51 Cal. Rtpr. 3d 118 (2006); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005). In the instant case, however, Kapa alleges that the defects of which it complains manifested themselves during the warranty period and that it presented the aircraft to Garmin for repair during the warranty period, but the defects *remained unrepaired*. *FAC* ¶ 11; *Pahlavan Decl.* ¶ 5. Accordingly, Garmin has not established that Kapa's claim is contractually time-barred.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8446 PSG (JCx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corp., et al. | | |

As an alternative basis for summary judgment, Garmin argues that there is no privity of contract between it and Plaintiff, which is required to establish liability for breach of an express warranty. Plaintiff, on the other hand, maintains that privity of contract is not required.

In *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682 (1954), the California Supreme Court held that "privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Id.* at 695. *Burr* also recognized exceptions to this general rule, including cases in which a manufacturer warrants its product in "labels or advertising material." *Id.* at 695-96. Since *Burr*, California courts have made statements which suggest that privity is no longer required in express warranty cases. *See Seely v. White Motor Co.*, 63 Cal. 2d 9, 14, 45 Cal. Rptr. 17 (1965) ("Since there was an express warranty to plaintiff in the purchase order, no privity of contract was required."); *Hauter v. Zogarts*, 14 Cal. 3d 104, 115 n.8, 120 Cal. Rptr. 681 (1975) ("Privity is not required for an action based upon an express warranty."). However, as expressly recognized by other courts, *Seely* and *Hauter* did not overrule *Burr*. *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 579-80 (N.D. Cal. 1999). Instead, *Seely* and *Hauter* seem to fall within the *Burr* exception, since both involved written warranties similar to advertisements and labels that the plaintiffs saw and relied upon in purchasing the product at issue. *See id.*; *Seely*, 63 Cal. 2d at 13; *Hauter*, 14 Cal. 3d at 109, 117.

Furthermore, many courts have recently reaffirmed the continuing validity of the contractual privity requirement. *E.g., Cellars*, 189 F.R.D. at 579-80; *Blanco v. Baxter Healthcare* Corp., 158 Cal. App. 4th 1039, 1058-59, 70 Cal. Rptr. 3d 566 (2008); *Windham at Carmel Mtn. Ranch Ass'n v. Sup. Ct.*, 109 Cal. App. 4th 1162, 1169, 135 Cal. Rptr. 2d 834 (2003); *All West Electronics, Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725, 75 Cal. Rptr. 2d 509 (1998); *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 956 n.1, 199 Cal. Rptr. 789 (1984). Plaintiff relies on a recent case, *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 87 Cal. Rptr. 3d 5 (2008), which broadly stated that "[p]rivity is generally not required for liability on an express warranty because it is deemed fair to impose responsibility on one wh makes affirmative claims as to the merits of the product, upon which the remote consumer presumably relies." *Id.* at 143-44. However, for this proposition, the court cited *Hayman v. Shoemake*, 203 Cal. App. 2d 140, 21 Cal. Rptr. 519 (1962), which expressly recognized the privity requirement. *Id.* at 153. Furthermore, the statement in *Cardinal Health* is dicta, as the case dealt primarily with a defendant's challenge to a jury verdict finding implied warranty of fitness for a particular purpose. Accordingly, the Court concludes that privity of contract remains a requirement for recovery of breach of express warranty. *See Cellars*, 189 F.R.D. at 579-80.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8446 PSG (JCx) | Date | July 8, 2009 |
|---|---|---|---|
| Title | Kapa Investment v. Cirrus Design Corp., et al. | | |

      Here, Plaintiff has neither alleged that contractual privity exists between it and Garmin nor that one of the exceptions applies. Therefore, Garmin is entitled to summary judgment on Plaintiff's sole claim.[1]

IV.    <u>Conclusion</u>

      For the foregoing reasons, the motion for summary judgment is GRANTED. Garmin shall submit a proposed judgment within ten days of the date of this order.

      **IT IS SO ORDERED.**

---

[1] Accordingly, the Court need not reach Garmin's remaining arguments.